DENNETT, *petitioner for a writ of mandamus.*

In this State, writs of mandamus can be issued only to courts of inferior jurisdiction, or to corporations or to individuals.

The duty of opening and comparing votes for certain officers is imposed by law upon the Governor and Council, *eo nomine.*

The performance of a duty, so imposed, is not an act of the individuals, who may hold the offices of Governor and Councilor, but is an official act of the executive department.

Nor is such performance any the less an official act of that department, though the Legislature *might* have devolved it upon any other class of persons, *instead* of the Governor and Council.

For a correct performance of such official acts, the Governor and Council are not responsible to the judicial department.

This court has no authority, by mandamus, to control the official doings of the Governor and Council.

Dennett, petitioner.

THE petitioner represents, *that* he received a plurality of the votes, given for a County Commissioner, by the towns and plantations of the county of Lincoln, at their annual meetings held in Sept. 1850 ; whereby he was duly elected to that office ; —

*that* lists of said votes were duly returned to the Secretary of the State ; —

*that* it was the right of the petitioner to have it declared by the Governor and Council, that he was elected to said office, and to have the same certified to him by the Secretary of the State ; —

*that* the Governor and Council, disregarding the rights of the petitioner, refused to declare him so elected ; and, *that* the Secretary of the State has refused to certify such an election.

Wherefore the petitioner prays, that a rule be issued to the Governor and Council and to the Secretary of the State requiring the Governor and Council to show cause, if any they have, why a writ of mandamus should not issue from this court, commanding the Governor and Council to declare the petitioner elected to the office of a County Commissioner, and the Secretary of State to certify said election.

*H. W. Paine,* for the petitioner.

SHEPLEY, C. J. — This is a petition to the court, that a rule may issue, that the Governor and Council and Secretary of the State may show cause, why a writ of mandamus should not issue commanding the Governor and Council to declare the petitioner elected to the office of County Commissioner for the county of Lincoln.

If such a writ cannot be legally issued by the court the rule to show cause should not be made.

By the constitution the powers of the government are divided into three distinct departments, and no person belonging to one of these, can exercise any of the powers properly belonging to either of the others, except in cases expressly directed or permitted.

The authority conferred upon this court to issue writs of mandamus is limited to the issue of such writs to courts of inferior jurisdiction, to corporations, and to individuals.

The act approved on February 22, 1842, c. 3, § 2, provides, that "the Governor and Council shall open and compare the votes returned as specified in the first section of this act." It is by such comparison of the votes returned for each candidate, that the fact is ascertained, that some person has or has not been elected to the office of County Commissioner.

If the act of opening and comparing the votes returned be an official duty to be performed by the executive department, this court cannot entertain the inquiry, whether it has been correctly or incorrectly performed. That department is responsible for the correct performance of its duties in the manner prescribed by the constitution, but is not responsible to the judicial department.

The argument, that it cannot properly be regarded as an official duty of the executive department, because its performance might by law have been entrusted to other persons, is not regarded as sound. The performance of the duty might have been entrusted to others, and it might have been entrusted to the judicial department. It does not follow, that an act cannot be the official act of a department of the government because other persons might lawfully have performed the same acts, if performance had been by law entrusted to them.

This court has been authorized to lay out highways; and it could do so only as a court and in the exercise of its official duties; and yet other persons might have been authorized to perform those duties. Money is granted and works are directed to be performed by law under the direction of the President of the United States or of a Governor of a State. In such cases the law might have entrusted the supervision to other persons. This duty is not necessarily to be performed by an executive department of the government by any provision of the constitution. When the performance is by law entrusted to an executive department of a government eo nomine, the

performance of the duty is an official act.    The individual or persons composing the executive department cannot perform the act without being clothed with the official authority.

The act of opening and comparing the votes returned for County Commissioners cannot be performed by the persons holding the offices of Governor and of Councilors, unless they act in their official capacities, for it is only in that capacity that the power is conferred upon them.    The duty is to be performed upon the responsibility of their official stations and under the sanctity of their official oaths.    The Governor and Council, and not certain persons, that may be ascertained to hold those offices, must determine the number of votes returned for each person as County Commissioner, and ascertain that some one has or has not a sufficient number to elect him.

The case of *Marbury* v. *Madison*, 1 Cranch, 137, does not appear to be opposed to these positions.    The opinion in that case states, that " the province of the court is solely to decide on the rights of individuals, not to inquire how the executive or executive officers perform duties, in which they have a discretion.    Questions in their nature political, or which are by the constitution and laws submitted to the executive, can never be made in this court."    All interference with the executive department of the government is in that case expressly disclaimed.

If the individuals constituting the Governor and Council could be considered as acting, while opening and comparing the votes returned, in their individual and not in their official capacities, the rule prayed for should not be made, for an election of Governor and of Councilors has been declared since the act complained of was performed, and all the individuals composing the Council are not the same as they were, when the act was performed.

The application is for a mandamus to the Governor and Council and not to individual persons.

The Secretary of State could not be required to notify any person, that he had been elected to the office of County

Commissioner, until the Governor and Council had determined, that he had sufficient number of votes to elect him.

*Rule denied.*